B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>John Dee Spicer, Chapter 7 Trustee | **DEFENDANTS**<br>CHCC, P.A., f/d/b/a CHCC, Inc. a/k/a Aaron Kreisler |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Lyndel Anne Mason<br>Cavazos, Hendricks, Poirot and Smitham, P.C.<br>900 Jackson St., Ste. 570  Dallas, Texas 75202  214-573-7300 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☒ Other<br>☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)<br>Preference | |

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☒ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $19,500.00 |
| Other Relief Sought | |

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Renaissance Hospital, et al. | | BANKRUPTCY CASE NO.<br>08-43775 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of Texas | | DIVISION OFFICE<br>Fort Worth | NAME OF JUDGE<br>Lynn |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE<br>September 21, 2010 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Lyndel Anne Mason | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Lyndel Anne Mason
TX Bar No. 24058913
Stephen T. Hutcheson
TX Bar No. 10335700
Anne E. Burns
TX Bar No. 24060832
CAVAZOS, HENDRICKS,
POIROT & SMITHAM, P.C.
Suite 570, Founders Square
900 Jackson Street
Dallas, TX 75202
Phone: (214) 573-7300
Fax: (214) 573-7399
Email: LMason@chfirm.com
Email: hutch@chfirm.com
Email: aburns@chfirm.com

COUNSEL FOR JOHN DEE SPICER, CHAPTER 7 TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| IN RE:<br><br>RENAISSANCE HOSPITAL – GRAND PRAIRIE, INC. d/b/a RENAISSANCE HOSPITAL – GRAND PRAIRIE, RENAISSANCE HOSPITAL – DALLAS, INC., RENAISSANCE HOSPITALS, INC. d/b/a RENAISSANCE HOSPITAL – GROVES, RENAISSANCE HEALTHCARE SYSTEMS, INC., and HOUSTON COMMUNITY HOSPITAL, INC. d/b/a RENAISSANCE HOSPITAL – HOUSTON,<br><br>DEBTORS. | Jointly Administered Under<br>Case No. 08-43775-DML-7 |
| JOHN DEE SPICER,<br>CHAPTER 7 TRUSTEE,<br><br>PLAINTIFF,<br><br>VS.<br><br>CHCC, P.A., F/D/B/A CHCC, INC.<br>A/K/A AARON KREISLER,<br><br>DEFENDANT. | ADVERSARY NO. _____ |

PLAINTIFF'S ORIGINAL COMPLAINT AGAINST CHCC, P.A., F/D/B/A
CHCC, INC. A/K/A AARON KREISLER TO AVOID PREFERENCES                    Page 1 of 5

## PLAINTIFF'S ORIGINAL COMPLAINT AGAINST CHCC, P.A., F/D/B/A CHCC, INC. A/K/A AARON KREISLER TO AVOID PREFERENCES

TO THE HONORABLE D. MICHAEL LYNN
UNITED STATES BANKRUPTCY JUDGE:

COMES NOW John Dee Spicer (the "Trustee"), duly appointed Trustee of the bankruptcy estate of Renaissance Hospital – Dallas, Inc. (hereinafter "Dallas Hospital") and files the following action to avoid one or more preferential transfers against CHCC, P.A., f/d/b/a CHCC, Inc. a/k/a Aaron Kreisler and for other relief.

## I.
## BACKGROUND

1.  On August 21, 2008, Renaissance Hospital-Grand Prairie, Inc. d/b/a Renaissance Hospital Grand Prairie filed its Chapter 11 voluntary petition. Subsequently, on August 26, 2008, Renaissance Hospital Dallas, Inc.; Houston Community Hospital, Inc. d/b/a Renaissance Hospital – Houston; Renaissance Hospitals, Inc. d/b/a Renaissance Hospital – Groves; and Renaissance Healthcare Systems, Inc. filed their Chapter 11 voluntary petitions. The dates of August 21 and 26, 2008 will be referred to jointly as the "Petition Dates."

2.  On September 10, 2008 [Docket No. 149], the U.S. Bankruptcy Court ordered that the above-referenced bankruptcy estates be jointly-administered.

3.  On September 23, 2009 [Docket No. 1378], the jointly-administered estates of Renaissance Hospital-Grand Prairie, Inc. d/b/a Renaissance Hospital Grand Prairie; Renaissance Hospital Dallas, Inc.; Houston Community Hospital, Inc. d/b/a Renaissance Hospital – Houston; Renaissance Hospitals, Inc. d/b/a Renaissance Hospital – Groves; and Renaissance Healthcare Systems, Inc. (hereinafter jointly referred to as "the Debtors") were all converted to proceedings under Chapter 7 and John Dee Spicer was appointed as the Chapter 7 Trustee of each of the jointly-administered Chapter 7 estates.

## II.
## JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter under 28 U.S.C. § 157 and 28 U.S.C. § 1334. This is a core matter under 28 U.S.C. 157(b)(2)(A), (B), (E), (F), (H) and (0). Venue is proper in this Court under 28 U.S.C. § 1409.

## III.
## PARTIES

5. The Trustee, on behalf of the estate of Dallas Hospital, is the Plaintiff in this adversary proceeding.

6. Defendant CHCC, P.A., f/d/b/a CHCC, Inc. a/k/a Aaron Kreisler ("Defendant"), on information and belief, is a professional association and service of process may be had upon the Defendant as follows: by mailing via regular mail and certified mail return receipt requested, a copy of the Summons and Complaint to Defendant's registered agent for service of process, Aaron Kreisler at 6615 Glenhurst, Dallas, Texas, 75240, the registered agent authorized to receive notices and communications in accordance with Fed. R. Bankr. P. 7004(b).

7. All conditions precedent to the commencement of this suit have occurred.

## IV.
## AVOIDANCE OF PREFERENTIAL TRANSFER

8. During the ninety (90) day period before the Petition Dates (the "Preference Period") Dallas Hospital made a transfer of its property to Defendant aggregating $19,500.00 (hereinafter the "Transfer") for antecedent debts.

9. At the time of the Transfer Defendant was a creditor of Dallas Hospital.

10. At the time of the Transfer Dallas Hospital was insolvent.

11. The Transfer enabled Defendant to receive more than it would have received if Dallas Hospital had filed a proceeding under Chapter 7 of the Bankruptcy Code, the Transfer had

not been made, and the Defendant was paid in accordance with the provisions of Chapter 7 of the Bankruptcy Code.

12. The Transfer to Defendant constitutes a preference under Section 547 of the Bankruptcy Code and is therefore avoidable by the Trustee.

## V.
## PRAYER

WHEREFORE, Plaintiff respectively prays that this Court:

a. Avoid and recover the Transfer described in this Complaint pursuant to Sections 544, 547 and/or 550 of the Bankruptcy Code; and

b. Enter judgment in favor of Plaintiff and against Defendant, in an amount equal to the sum of the Transfer, $19,500.00, plus pre-judgment and post-judgment interest, costs and attorneys' fees; and

c. Grant Plaintiff such other relief as this Court deems just and proper.

DATED this 21st day of September, 2010.

        Respectfully submitted,

        /s/ Lyndel Anne Mason
        Lyndel Anne Mason
        TX Bar No. 24058913
        Stephen T. Hutcheson
        TX Bar No. 10335700
        Anne Elizabeth Burns
        TX Bar No. 24060832
        CAVAZOS, HENDRICKS,
        POIROT & SMITHAM, P.C.
        Suite 570, Founders Square
        900 Jackson Street
        Dallas, TX 75202
        Phone: (214) 573-7300
        Fax: (214) 573-7399
        Email: LMason@chfirm.com
        Email: hutch@chfirm.com
        Email: aburns@chfirm.com

        COUNSEL FOR JOHN DEE SPICER,
        CHAPTER 7 TRUSTEE